UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KAREN AVERY ET AL.                                       CIVIL ACTION

VERSUS                                                   NO. 05-3240

UNITED STATES AIR FORCE ET AL.                           SECTION "C" (2)

## REPORT AND RECOMMENDATION

This is a suit under the Federal Tort Claims Act in which plaintiffs seek damages

allegedly resulting from an automobile accident that occurred in New Orleans in July

2004.

On April 20, 2006, defendant filed a motion to compel answers to interrogatories

and requests for production, Record Doc. No. 8, alleging that plaintiffs had failed to

provide responses to defendant's discovery submitted in January 2006. Although Local

Rule 7.5E requires that a written memorandum in opposition to any motion be filed and

served no later than eight (8) calendar days prior to the noticed hearing date,  plaintiffs

failed to file any response to the motion. Thus, on May 10, 2006, I granted the motion

and issued an order requiring plaintiffs to provide responses to defendant's discovery within ten (10) days of entry of my order.  Record Doc. No. 11.  Plaintiffs ignored this order.

On May 26, 2006, defendant filed a motion for sanctions pursuant to Fed. R. Civ. P. 37(b) based on plaintiffs' violation of my order.  Again, plaintiffs failed to file any opposition to the motion as required by the Local Rule.  Accordingly, on June 14, 2006, I entered another order, again requiring plaintiffs to provide responses to defendant's written discovery within ten (10) days of entry of this second order and also imposing certain sanctions against plaintiffs, including $450 in costs and fees and prohibiting plaintiffs from introducing at trial any exhibits or testimony of any witnesses other than plaintiffs themselves, as provided in Fed. R. Civ. P. 37(b)(2)(B). Record Doc. No. 15. However, I denied defendant's motion insofar as it sought dismissal as a discovery sanction, believing that the lesser sanctions contained in the order would be sufficient both as remediation for plaintiffs' dilatory conduct and to prompt plaintiffs' obedience to the court's orders.  Id.  My second order warned plaintiffs that continued failure to comply with the court's discovery orders may result in dismissal of their case. Id.

Plaintiffs again have ignored my order. They have failed to provide the required discovery responses. They have failed to pay the $450 monetary sanction.

Defendant has now filed a third motion, Record Doc. No. 16, in which it seeks dismissal as a sanction for plaintiffs' failure to comply with the court's orders.  Again, plaintiffs have ignored the requirements of Local Rule 7.5E and have failed to file any sort of response to the motion.

Fed. R. Civ. P. 37(b)(2)(C) specifically authorizes dismissal of a party's civil lawsuit as a sanction for failure to comply with a court's discovery order. The Fifth Circuit has ruled, however, that the draconian discovery sanction of dismissal, which defendant seeks in the current motion, is reserved only for instances in which a party has demonstrated a clear history of repeated delay or contumacious discovery conduct. Federal Deposit Ins. Corp. v. Connor, 20 F.3d 1376, 1381 (5th Cir. 1994); Ginther v. Sea Support Servs. L.L.C., No. 00-2928, 2002 WL 1213601, at *4 (E.D. La. June 4, 2002) (Duval, J.).

The Fifth Circuit has "articulated several factors that must be present before a district court may dismiss a case as a sanction for violating a discovery order.  First, . . . dismissal with prejudice is appropriate only if the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct. . . .  Further, we have noted that the violation of the discovery order must be attributable to the client instead of the attorney.  . .  We have also held that the violating party's misconduct 'must substantially prejudice the opposing party.  . . .  Finally, we

-3-

have indicated that dismissal is usually improper if a less drastic sanction would substantially achieve the desired deterrent effect." <u>F.D.I.C. v. Connor</u>, 20 F.3d at 1380-81 (internal quotations and citations omitted).

"Rule 37 should not be construed to authorize dismissal of (a) complaint because of petitioner's noncompliance with a pretrial (discovery) order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner. . . The limitation of the use of this sanction applies to protect those who, through no fault of their own, are unable to comply with court orders. . . It does not protect willful or bad faith compliance with court orders." <u>In re Liquid Carbonic Etc.</u>, 580 F.2d 819, 822 (5th Cir. 1978) (citations omitted).

Weighing the foregoing factors in this case militates in favor of granting the motion and imposing the sanction of dismissal. Plaintiffs have ignored not one, but two of the court's discovery orders. They have failed to provide any response whatsoever, either to defendant's motions or to the court's orders. My first order provided them with an opportunity – free of any sanctions – to provide the requested discovery. My second order again required provision of the requested discovery and imposed sanctions less than dismissal, but plaintiffs again ignored it. There is nothing in this record to suggest that this dilatory conduct is attributable to plaintiffs' counsel, rather than plaintiffs themselves, or that a third order short of dismissal might prompt compliance. The

discovery deadline, final pretrial conference and trial dates set in the court's scheduling order are looming.  Record Doc. No. 7.  Defendant is prejudiced in its ability to prepare its defenses by plaintiffs' delay tactics and failure to comply with the court's orders. Lesser sanctions have already been attempted, but they have failed to accomplish the desired deterrent and remedial purposes.

In one final attempt to compel plaintiffs to comply with the court's orders, I have issued this report and recommendation.  Plaintiffs and their counsel are strongly advised to reply to this report in a timely fashion, explaining their previous failures to comply with the court's orders and providing the requested discovery.

For all of the foregoing reasons, if plaintiffs fail timely to respond to this report as they have failed to respond either to defendant's motions or the court's previous orders, **IT IS RECOMMENDED** that defendant's motion, Record Doc. No. 16, be GRANTED, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 37(b)(2)(C) based on plaintiffs' willful and continuing failure to comply with the court's discovery orders.

**IT IS FURTHER RECOMMENDED**, however, that if plaintiffs file an objection to this report adequately explaining their past conduct and providing the required discovery responses, the court should remand this motion to me for imposition of appropriate sanctions short of dismissal.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __12th__ day of July, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

-6-